HARRIS, Judge.
Keith A. Gallegos was convicted of sexual activity with a child over twelve years of age but under sixteen years of age while he was in a position of familial authority. He was the victim’s stepfather. His basic argument on appeal is that his counsel was ineffective in not objecting to certain “other crime” and “bad character” evidence and in failing to request appropriate jury instructions. We affirm.
We review the allegation of ineffective assistance of counsel in this appeal under the exception announced in Blanco v. Wainwright, 507 So.2d 1377 (Fla.1987), because the record below is sufficient to enable us to determine the issue. We find no error (or only harmless error) and affirm.
Most of the acts alleged to be other crimes or mere evidence of bad character we find to be neither. For example, allegations that the defendant wrote letters to the victim, that he prevented the victim from seeing boys or having friends over to the house, that he treated the victim badly, and that he had the victim give him back and foot massages, while relevant to the relationship between the defendant and the victim, is not evidence of bad character or other crimes. The fact that the defendant was a convicted felon came in because he took the stand. The fact that he had been abusive and had firearms in the house was not offered to show some “other crime,” but was relevant to show the relationship between the parties as it related to the specific act alleged in the information. See Griffin v. State, 639 So.2d 966 (Fla.1994), cert denied, 514 U.S. 1005, 115 S.Ct. 1317, 131 L.Ed.2d 198 (1995).
The fact that there was mention that the defendant had met the victim’s mother several years earlier in her drug treatment class does not establish a continuing drug problem, even if it implied that he might have had one in the past. It is simply not so prejudicial as to require a new trial.
In short, we find that if any error was committed in the admission of these facts, such error was harmless. Therefore, counsel’s failure to object, even if error, was likewise harmless.
AFFIRMED.
PETERSON, C.J., and ORFINGER, R., Associate Judge, concur.